In the Matter of the Claim of STANLEY MOQUIST, Respondent, against ALLEGHENY LUDLUM STEEL CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a disability award. It is clear and undisputed that claimant sustained an injury to his knee in the course of his employment on November 9, 1954. Nine days later claimant's knee "locked" while he was engaged in a personal activity unrelated to his employment. Claimant's disability, for which the award was made, is the result of a torn cartilage in his knee. The only question is whether or not the torn cartilage is attributable to the employment connected accident of November 9, 1954. The answer to such a question must necessarily depend upon the medical opinion of experts in that field. While the record discloses a conflict of medical opinions, there is substantial evidence to support a finding that the employment connected accident caused the disability for which the award was made. Award affirmed, with one bill of costs to be divided between the claimant and the Workmen's Compensation Board, with printing disbursements to each. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

WILLIAM H. CORNELL et al., Respondents, v. WILLIAM EATON et al., Appellants.— This is an appeal from two orders (the third order requires no consideration) made at Supreme Court, Special Term, Essex County, one of which granted plaintiffs' motion to frame issues for trial by jury, and the other of which denied defendants' motion to frame other issues and for leave to serve an amended answer. The action is one in equity for an adjudication that a clause in a deed from plaintiffs to defendants William Eaton and Maude Eaton for a certain purported right of way is a forgery, and to that extent that the deed be cancelled and reformed. This would seem a simple issue, yet the action is some four years old and still remains to be tried. The complaint alleges substantially the following facts. The plaintiff William H. Cornell and one Clarence W. Goodemote (now deceased) owned a tract of land on the shore of Sacandaga Reservoir in Fulton County, New York, which they called "Shady Bay Park". For development purposes they divided this plot into lots, and filed a map of the same showing roadways leading from such lots to the shore of the reservoir from a lane or roadway on the southerly side of the property. The defendant William Eaton purchased a 13-acre tract south

of the plaintiffs' property which had no frontage on the Sacandaga Reservoir, and access to which could only be had by a public highway to the east thereof. Subsequently the defendant Eaton purchased from the plaintiff Cornell, and Goodemote (now deceased) several lots off the " Shady Bay Park ". The deed granted to the defendant Eaton the use of the rights of way in " Shady Bay Park " to get to and from the lots conveyed to him to the shore of the reservoir in the following language: " A right of way to the above lots and from the above lots to land owned by the Hudson Regulating Board, is hereby granted in accordance with, and as shown on, the above described map." After the deed was delivered, and before the same was recorded, the complaint alleges that the defendant Eaton forged an additional right of way clause in the deed as follows: " This right of way includes all lots south of highway leading west through Shady Bay." Thus, despite the voluminous pleadings, motions, etc., in the case the primary issue is one of forgery. If the disputed clause was placed in the deed by defendant Eaton without the knowledge or consent of the plaintiff Cornell, and his co-owner Goodemote, then clearly no valid rights could arise under it, although of course defendants may have some rights arising otherwise. We assume, and it is by no means clearly stated, that the other defendants are purchasers from the defendant Eaton of lots from his tract south of Shady Bay Park. On motion by the plaintiffs the Special Term framed the issue of forgery for trial by jury. The motion was made late but the defendants waived this defect by making a cross motion for the framing of 31 issues of fact for trial by jury, which was denied. The defendants also asked leave to amend their answer almost on the eve of trial and some four years after the action had been instituted. The Special Term denied this motion. All matters involved in these motions were discretionary, and we assume that Special Term retained any issues not framed for disposition by the court. But in any event the trial court may submit such other issues as it may choose to a jury for advisory verdicts. We find no sound reasoning for interfering with the discretion of the Special Term. Orders affirmed, with $25 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.